861 F.2d 1290
 274 U.S.App.D.C. 95
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Baldwin S. MOY, Appellant
v.
HOWARD UNIVERSITY, et al.
 No. 87-7100.
 United States Court of Appeals, District of Columbia Circuit.
 Nov. 10, 1988.
 
 Before WALD, Chief Judge, and HARRY T. EDWARDS and BUCKLEY, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record on appeal from orders of the United States District Court for the District of Columbia. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir. Rule 14(c). For the reasons stated in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED that the district court orders, filed December 31, 1986 and April 24, 1987, be affirmed.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir. Rule 15.
 
 MEMORANDUM
 
 4
 Baldwin S. Moy, an attorney proceeding pro se, appeals from district court orders granting summary judgment in favor of Howard University ("HU") and denying his motion to vacate. Moy claims that HU breached an agreement to employ him, from June 11, 1984 to July 31, 1985, as the program coordinator for the "Reggie" program. Moy further claims that the district court erred in denying the motion to vacate.
 
 
 5
 We conclude that enforcement of this alleged contract is barred by the Statute of Frauds. The statute, codified at D.C.Code Sec. 28-3502, provides:
 
 
 6
 An action may not be brought ... upon an agreement that is not to be performed within one year from the making thereof, unless the agreement upon which the action is brought, or a memorandum or note thereof, is in writing, which need not state the consideration and signed by the party to be charged therewith or a person authorized by him.
 
 
 7
 First, the alleged contract cannot be performed within one year: Moy contends that he was to be employed from June 11, 1984 through July 31, 1985, about fourteen months. See Appendix, Exhibit 2, para. 7; id. Exhibit 14, at 25 (Moy testifying that his "firm offer was for over a year"). Moy does not allege permanent employment for an indefinite term, and therefore he errs in relying on Hodge v. Evans Financial Corp., 823 F.2d 559, 564 (D.C.Cir.1987) (contracts for a permanent, indefinite periods are considered susceptible of performance within one year). Moy also argues that the statute does not bar this action because he had two contracts, one for two months and one for a year. He cites no authority for severing the term, and neither logic nor the record indicates that two separate contracts were intended.
 
 
 8
 Second, a writing must evidence the terms of the alleged agreement, although the contract itself need not be in writing. See Farrow v. Cahill, 663 F.2d 201, 208-09 (D.C.Cir.1980). The writing must contain the "essential elements" of the agreement. See Penick v. Frank E. Basil, Inc., 579 F.Supp. 160, 164 (D.D.C.1984); Prouty v. National Railroad Passenger Corp., 572 F.Supp. 200, 204 (D.D.C.1983).
 
 
 9
 The May 17, 1984 letter sent to Moy does not contain the essential terms of the alleged agreement and therefore does not satisfy the requirement of a writing. The letter only suggests a salary range that was later adjusted, does not provide a starting date and discusses two different positions. Nor does the letter reflect that Moy accepted a position, although oral acceptance of a written offer will not preclude enforcement of a contract when the writing "clearly authenticates the terms on which the offeror was willing to contract." Farrow v. Cahill, 663 F.2d at 209. This open-ended letter does not clearly state the terms of the alleged agreement and is at most an offer that reflects a willingness to discuss terms further.
 
 
 10
 Furthermore, the court did not abuse its discretion in denying the Rule 59(e) motion. See Roudybush v. Zabel, 813 F.2d 173, 178 (8th Cir.1987) (ruling on Rule 59(e) motion will not be reversed absent clear abuse of discretion). The district court reached the correct result and did not err in deciding the summary judgment motion without an opposition from Moy.